Anne Brady
Law Offices of Michael Lupolover, P.C.
18444 N. 25th Avenue #420
Phoenix, AZ 85023
(623) 251-6673
Anne.brady@cox.net

*Of Counsel*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith B. South,<br><br>                    Plaintiff,<br>v.<br><br>National Credit Systems, Inc.<br><br>                    Defendant. | No. _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff is a natural person who resides in the City of Phoenix, County of Maricopa, State of Arizona, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, National Credit Systems, (hereinafter "Defendant") is a collection agency operating from an address of 3800 Camp Creek Parkway, SW #18-110, Atlanta, Georgia 31131 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant has a registered agent for service of process by the name of The Law Offices of R. Michael Coker with an address of 2180 Satellite Blvd., Suite 400, Duluth, Georgia 30097.

## FACTUAL ALLEGATIONS

7. On or around 2011, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

9. On or about, January 9, 2012, Plaintiff received an initial correspondence in reference to the alleged debt.

10. Subsequently, Plaintiff responded to the letter within the required 30 days by sending a validation of debt request on January 23, 2012.

11. The Validation of Debt request was received and signed by the Defendant on January 27, 2012.

12. The Validation of Debt request also requested a cease of all further communications between Defendant and Plaintiff.

13. Between February 14, 2013 and March 8, 2013, an agent of the Defendant contacted Plaintiff on four separate occasions from phone number (602) 761-9636.

14. Furthermore, on February 14, 2013, Plaintiff received correspondence from the Defendant threatening to take legal action against him, garnish wages, place liens on Plaintiff's property, and seize or auction his personal property.

15. Plaintiff has suffered actual damages as a result of this violation in the form of anger, anxiety, emotional distress, fear, humiliation, and frustration, amongst other negative emotions.

## TRIAL BY JURY

16. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. Amend. 7;  Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

17. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 16. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a)  Defendant violated 15 U.S.C. §1692c(c) by communicating after written notification that consumer refuses to pay debt or that consumer wants collector to cease all communication.

(b) Defendant violated 15 U.S.C. §1692f(6) by threatening to unlawfully repossess or disable Plaintiff's property.

(c) Defendant violated 15 U.S.C. §1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, harass any person at the called number.

(d) Defendant violated 15 U.S.C. §1692e(2)(a) by falsely representing the legal status of the debt.

(e) Defendant violated 15 U.S.C. §1692e(4) by stating that the nonpayment of any debt would result in the seizure or garnishment of any property, whereas Defendant did not intend to take such action.

(f) Defendant violated 15 U.S.C. §1692e(5) by threatening to take legal action that cannot legally be taken.

(g) Defendants violated 15 U.S.C. §1692e(10) by the use of deceptive means to collect a debt.

18. As a result of the Defendant's violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant as follows:

a) For an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant and in favor of Plaintiff;

b) For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and in favor of Plaintiff; and

-5-

   c)  For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant and in favor of Plaintiff.


Dated: December 23, 2013                    By: */s/ Anne Brady*
                                           Anne Brady (AZ Bar #026205)
                                           Law Offices of Michael Lupolover, P.C.
                                           18444 N. 25th Avenue #420
                                           Phoenix, AZ 85023
                                           (623) 251-6673
                                           Anne.brady@cox.net

                                           *Of Counsel*